# Huegle *v.* Bean, Appellant.

*Corporations—Stock—Transfer of stock—Liability for assessments.*

Where a person subscribes for the stock of a New Jersey corporation, and pays a portion of his subscription and receives a stock certificate in his own name, and subsequently signs the blank transfer on the back of the certificate, and sells and delivers the certificate to a firm of brokers, who in turn sell and turn over the certificate to another party in the same form as they received it, and long afterwards the company levies an assessment, and the original owner from whose name the stock has not been transferred on the books of the company is compelled to pay the assessment under the laws of New Jersey, he cannot recover the amount thereof from the brokers to whom he sold and delivered the certificate. His only recourse is to the owner of the stock at the time the assessment was levied.

Argued Dec. 18, 1909. Appeal, No. 239, Oct. T., 1909, by defendants, from order of C. P. No. 1, Phila. Co., March T., 1909, No. 783, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Katharine Huegle v. Charles H. Bean and George E. Bean, trading as Charles H. Bean & Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit to recover an assessment on stock which the plaintiff was compelled to pay.

Rule for judgment for want of a sufficient affidavit of defense.

The facts were identical as those in Rogers v. Toland, *ante*, p. 248.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*John Lewis Evans*, with him *Thomas DeWitt Cuyler* and *B. Gordon Bromley*, for appellants.

*Rudolph M. Schick,* with him *George R. Jefferson,* for appellee.

*Clement B. Wood,* with him *Henry S. Drinker, Jr., Morgan, Lewis & Bockius* and *Dickson, Beitler & Mc-Couch,* for interested parties.

OPINION BY HEAD, J., July 20, 1910:

The controlling question in this case is precisely the same as that we have fully considered in the case of Rogers v. Toland in which an opinion has been this day filed, ante, p. 248. The learned court below made absolute a rule for judgment for want of a sufficient affidavit of defense. In our opinion in the case just cited, we have set forth at length the reasons which led us to the conclusion that the affidavit in that case, disclosing the same state of facts as here, was sufficient to prevent judgment, and we accordingly affirmed the order of the court below discharging the rule for judgment. Following that decision, we must conclude in the present case that the learned trial court fell into error in making the rule absolute.

The order making the rule for judgment absolute is reversed and set aside, and said rule is now discharged and the record remitted with a procedendo. The costs of this appeal to be paid by the appellee.